1  Ronald L. Richman, SBN 139189
   Joye Blanscett, SBN 191242
2  BULLIVANT HOUSER BAILEY PC
   601 California Street, Suite 1800
3  San Francisco, California 94108
   E-mail: ron.richman@bullivant.com
4  E-mail: joye.blanscett@bullivant.com
   Telephone: 415.352.2700
5  Facsimile: 415.352.2701

6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
9

10

11 BOARD OF TRUSTEES OF THE
   LABORERS HEALTH AND WELFARE            Case No.:   C 07 02549 WDB
12 TRUST FUND FOR NORTHERN
   CALIFORNIA; BOARD OF TRUSTEES OF
13 THE LABORERS VACATION-HOLIDAY
   TRUST FUND FOR NORTHERN                JOINT CASE MANAGEMENT
14 CALIFORNIA; BOARD OF TRUSTEES OF       STATEMENT; PROPOSED ORDER
   THE LABORERS PENSION TRUST FUND
15 FOR NORTHERN CALIFORNIA; and
   BOARD OF TRUSTEES OF THE               Date:     September 27, 2007
16 LABORERS TRAINING AND RETRAINING       Time:     4:00 p.m.
   TRUST FUND FOR NORTHERN                Ctroom:   4, 3rd Floor, Oakland
17 CALIFORNIA,

18              Plaintiffs,

19      vs.

20 E. UGARTE, INC., a California corporation
   dba KEVIN NELSON CONCRETE
21 CONSTRUCTION COMPANY; EDGAR
   ORLANDO UGARTE, an Individual;
22 ZOLMAN CONSTRUCTION &
   DEVELOPMENT, INC., AND SYNERGY
23 PROJECT MANAGEMENT, J/V, a joint
   venture; ZOLMAN CONSTRUCTION &
24 DEVELOPMENT, INC., a California
   corporation; SYNERGY PROJECT
25 MANAGEMENT, a sole proprietorship; and
   DOES 1-10,
26
                Defendants.
27

28

6086360.1
                                    -1-
JOINT CASE MANAGEMENT CONFERENCE STATEMENT; ORDER THEREON

Plaintiffs Board of Trustees of the Laborers Health and Welfare Trust Fund for Northern California, Board of Trustees of the Laborers Vacation-Holiday Trust Fund for Northern California, Board of Trustees of the Laborers Pension Trust Fund for Northern California and Board of Trustees of the Laborers Training and Retraining Trust Fund for Northern California ("Laborers Trust Funds") and Defendants E. Ugarte, Inc., dba Kevin Nelson Concrete Construction Company and Edgar Orlando Ugarte, an Individual (collectively "Ugarte") met and conferred as required by Fed. R. Civ. P. 26(f) and submit the following Joint Scheduling Conference Statement.

## DESCRIPTION OF THE CASE

1. <u>Brief description of the events underlying the action:</u>

Plaintiffs allege that the Laborers' Master Agreement requires that employers make contributions to the Laborers Trust Funds based on the hours that their respective employees worked as laborers. Employers are to pay the employee fringe benefit contributions on or before the 25th day of the month immediately succeeding the month in which the employee's work was performed. Plaintiffs Laborers Trust Funds allege that Defendants failed to pay all contributions due and owing for all hours worked by their covered employees.

Defendants Zolman Construction & Development, Inc., Synergy Project Management, J/V, Zolman Construction & Development, Inc., and Synergy Project Management have failed to answer or otherwise respond to the summons and complaint served on them on or about May 22, 2007. Plaintiffs intend to seek entry of default and default judgment against said defendants.

2. <u>The principle factual issues which the parties dispute:</u>

Whether defendant Edgar Orlando Ugarte exercised authority or control over the payment of the employee fringe benefit contributions required to be made to the Laborers Trust Funds by Ugarte such that defendant Edgar Orlando Ugarte is a fiduciary as defined by ERISA.

Whether Defendants failed to timely pay all contributions owed to the Laborers Trust Funds as required by the applicable collective bargaining agreement.

Whether Defendants failed to report and pay all contributions owed to the Laborers Funds as required by the applicable collective bargaining agreement.

Whether Defendants failed to pay all contributions owed to the Laborers Trust Funds as reported by Defendants and as required by the applicable collective bargaining agreement.

The amount of fringe benefit contributions unpaid and owing, if any, to the Laborers Trust Funds by Defendants.

The amount of any liquidated damages and interest owing, if any, to the Laborers Trust Funds by Defendants.

3. <u>The principle legal issues which the parties dispute:</u>

Plaintiffs Laborers Trust Funds contend that in addition to the underlying delinquent fringe benefit contributions, Plaintiffs Laborers Trust Funds are entitled to liquidated damages and interest, attorneys' fees and an order compelling Defendants to submit to a further audit under ERISA, Section 502(g)(2), 29 U.S.C. § 1132(g)(2) which provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

(A)  the unpaid contributions,

(B)  interest on the unpaid contributions,

(C)  an amount equal to the greater of –

    i.    interest on the unpaid contributions, or

    ii.   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such percentage as may be permitted under federal or state law) of the amount determined by the court under subparagraph (A).

(D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)  such other legal or equitable relief as the court deems appropriate.

> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under § 6621 of the Internal Revenue Code of 1954.

Plaintiffs Laborers Trust Funds further allege that defendant Edgar Orlando Ugarte exercised authority or control over the payment of the employee fringe benefit contributions

required to be made to the Trust Funds by Ugarte, that defendant Edgar Orlando Ugarte is a fiduciary as defined by ERISA Section 3(21), 29 U.S.C. § 1002(21) and is therefore also a party in interest as defined by ERISA Section 3(14)(A), 29 U.S.C. § 1002(14)(A), that defendant Edgar Orlando Ugarte's role in Ugarte's failure to make the employee fringe benefit contributions that became due to the Trust Funds constituted a breach of his fiduciary duties and that therefore, Plaintiffs Laborers Trust Funds are authorized to seek relief against Edgar Orlando Ugarte for this breach under ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2).

Defendants Ugarte deny the forgoing allegations of the Plaintiffs Laborers Trust Funds.

4. <u>The other factual issues which remain unresolved for the reasons stated below and how the parties propose to resolve those issues:</u>

None.

5. <u>The parties that have not been served and their reasons:</u>

None.

6. <u>The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:</u>

None.

7. <u>The following parties consent to assignment of this case to a United States Magistrate Judge for court trial</u>: Plaintiffs Laborers Trust Funds and Defendants Ugarte.

## ALTERNATIVE DISPUTE RESOLUTION

8. The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by _____N/A_____.

The parties have filed a Stipulation and Proposed Order Selecting an ADR process: _____mediation_____.

The parties filed a Notice of Need for ADR Phone Conference the phone conference was held on or is scheduled for _____N/A_____.

The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is _____N/A_____.

9. <u>Please indicate any other information regarding ADR process or deadline.</u>

The parties are engage in informal settlement talks and may resolve this matter prior to ADR.

## DISCLOSURE

10. <u>The parties certify that they have made the following disclosures:</u>

The parties have not made any formal disclosures as of this date but agree to make said disclosures by October 15, 2007 or as otherwise required by the Court.

## DISCOVERY

11. <u>The parties agree to the following discovery plan:</u>

The parties agree to discovery in compliance and with the limitations set forth in the Federal Rules of Civil Procedure.

| | |
|---|---|
| Completion of All Discovery: | March 28, 2008 |
| Deadline for the hearing of Dispositive motions (with standard 35-day notice): | May 30, 2008 |
| Completion of non-expert Discovery: | March 28, 2008 |
| Disclosure of Expert Witnesses: | February 29, 2008 |
| Disclosure of witnesses (case in Chief): | February 29, 2008. |

## TRIAL SCHEDULE

12. <u>The parties request a trial date as follows:</u>

July 2008

///

13. The parties expect that the trial will last for the following number of days:

1-2 days

DATED: September 24, 2007

                                             BULLIVANT HOUSER BAILEY PC

                                             By  /s/_____
                                                Joye Blanscett
                                                Attorneys for Plaintiffs Laborers Trust Funds

DATED: September 24, 2007

                                             Rice & Bronitsky

                                             By  /s/_____
                                               Charles S. Bronitsky, Esq
                                             Attorneys for Defendants E. UGARTE, INC., and
                                             EDGAR ORLANDO UGARTE

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

DATED: September ____, 2007

                                             By  _____
                                             HON. WAYNE D. BRAZIL
                                             UNITED STATES MAGISTRATE JUDGE